IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY JONES, SR., et al. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| SUSAN STELTZ, | : | No. 12-2541 |
| Defendant. | : | |

MEMORANDUM OPINION

TIMOTHY R. RICE  September 6, 2013
U.S. MAGISTRATE JUDGE

The parties dispute who is entitled to the proceeds of two life insurance policies, State Farm Life Insurance Policies 8,501,019 and LF-2375-2577 (the "Policies"), totaling $181,125.30, that were issued to decedent Roy Jones, Jr. (the "Decedent").[1] Based on the testimony presented during the bench trial on August 23, 2013, and for the following reasons, I grant relief to Plaintiffs Roy Jones, Sr., Jasmattie Jones, Roy Jones, III, and Jasmattie Jones, as the parent and natural guardian of Samantha Marie Jones.

The parties agree Pennsylvania law applies. Under such law: "[o]nce the defendant-proponent presents evidence of the formality of execution of [a] Change of Beneficiary form [related to a life insurance policy], a presumption of lack of undue influence arises, [placing] the burden of coming forward with evidence of undue influence to the plaintiff-contestant." Life Ins. Co. of N. Am. v. O'Brien, 1980 WL 194164, 3 Phila. Co. Rptr. 529, 533 (Feb. 13, 1980).

---

[1] This action was filed as an interpleader action under 28 U.S.C. § 1335 by State Farm Life Insurance Company. See 5/9/2012 Compl. for Interpleader (doc. 1). By agreement of the parties, State Farm was dismissed from the action. Nevertheless, I retain jurisdiction because the parties are citizens of diverse states and the amount in controversy exceeds $75,000. See id. § 1332.

The burden shifts to the defendant to show the absence of undue influence if plaintiff establishes: (1) the defendant was in a confidential relationship with the decedent; (2) the defendant received the bulk of the decedent's property; and (3) the decedent was of weakened intellect. See id. (citing In Re Estate of Clark, 334 A.2d 628, 632 (Pa. 1975)).

The parties stipulated to facts establishing that the Decedent formally changed the beneficiaries on the Policies in May 2010 from his parents and children to Defendant Susan Steltz and his friend, Edward Cmiel, as primary and secondary beneficiaries respectfully. See Compl. ¶¶ 11.D, 12.C. Plaintiffs, therefore, had the burden of showing that Steltz had undue influence over the Decedent. Alternatively, Plaintiffs could shift the burden of proof to Steltz by establishing the three factors discussed above, which they did.

### First Factor – Confidential Relationship

All witnesses agreed that the Decedent was in a romantic relationship with Steltz in May 2010. There was credible testimony from Tina Taylor, the Decedent's sister, that Steltz lived with the Decedent around this time and helped care for him while he was abusing drugs. It also was undisputed that the Decedent was suffering from a fatal heart condition and relied primarily on Steltz for care after he moved out of his father's house in 2009. These circumstances establish that the Decedent maintained a confidential relationship with Steltz at all relevant times. See O'Brien, 3 Phila. Co. Rptr. at 538 ("confidential relationship exists whenever 'the circumstances make it certain the parties do not deal on equal terms," such as where on one side there is "weakness, dependence, or trust," making "an unfair advantage" possible) (citing In re Estate of Button, 328 A.2d 480, 483 (Pa. 1974)).

Second Factor – Receipt of the Bulk of the Decedent's Property

The Decedent had minimal income due to his drug abuse. He sold his car to pay for drugs and sought financial support from his young son. The Policies were his only assets and he named Steltz the beneficiary of those Policies in his Change of Beneficiary forms. Thus, the Decedent gave Steltz the bulk of his property. See O'Brien, 3 Phila. Co. Rptr. at 536-37.

Third Factor – the Decedent Had a Weakened Intellect

Plaintiffs presented credible testimony from Cmiel, the Decedent's friend for more than thirty years and a witness with no interest in this dispute,[2] that the Decedent had abused drugs, including cocaine and crack, throughout his life. Cmiel also testified that the Decedent came to his home in May 2010 under the influence of drugs with Change of Beneficiary forms related to the Policies. Cmiel explained that the Decedent appeared nervous, jittery, shaky, and would not look him in the eye. Cmiel further testified that when the Decedent presented him with the Change of Beneficiary forms, he insisted that he would use the insurance proceeds as a 401K for his retirement.

Cmiel's testimony concerning the Decedent's persistent drug use and weakened state of mind while under the influence of drugs, was corroborated by the credible testimony of Taylor, who also has no interest in this case, and the Plaintiffs: Roy Jones, Sr. (the Decedent's father); Jasmattie Jones (the Decedent's ex-wife and the mother of his children); Roy Jones, III (the Decedent's son); and Samantha Marie Jones (the Decedent's daughter).

---

[2] Cmiel was named as a party in the Interpleader Complaint because the Decedent named him as a successor beneficiary to the Policies in the May 2010 Change of Beneficiary forms. Cmiel, however, has since been dismissed as a party because he has renounced his interest in the Policies' proceeds. His testimony was candid, credible, and he was not impeached.

Steltz agreed that the Decedent had abused illegal drugs, but claimed he was sober and drug-free in May 2010 when he completed the Change of Beneficiary forms. Steltz maintained the Decedent did not use drugs from the time they met in the fall of 2009 until late 2010, when he learned that he could not receive a heart transplant. Steltz' testimony was not credible. Her claim that the Decedent was drug-free for nearly one year – including during the pivotal dates related to this litigation – cannot be reconciled with other credible testimony about the Decedent's lifetime struggle with drug abuse. Steltz' answers also were vague and inconsistent as to the details and timing of her and the Decedent's relationship, and her version of the events was not corroborated by any other evidence.[3]

Steltz testified that she met the Decedent in the fall of 2009 through an unidentified friend, but did not visit him in his parents' house, where he lived, until January 2010. She continued to live in her own home and care for her ailing father after this date. Although she visited the Decedent at his parents' home, she failed to provide any dates or specific information as to those visits. Therefore, even if Steltz' testimony were believed, she was not with the Decedent at all times to observe whether he was abstaining from drug use. She also was not with the Decedent when he visited Cmiel with the Change of Beneficiary forms or when the Decedent signed the forms.

Finally, Steltz could not credibly explain many of the problems with the Change of Beneficiary forms. She did not know why the Decedent listed his parents' address for her on the

---

[3] For example, Steltz did not bring the ring the Decedent gave her to court to confirm their engagement. In addition, although she testified that she and the Decedent had purchased plane tickets to travel to Las Vegas for their wedding, she did not produce any documents to corroborate that. Similarly, Steltz was unable to explain why the couple did not wed in Pennsylvania after the Decedent was physically unable to travel to Las Vegas for their wedding.

May 2010 Change of Beneficiary forms when she never lived at that location. Similarly, she could not answer why the Decedent referred to her as his fiancé in one of the Change of Beneficiary forms when he did not propose to her until October 2010, months after those forms were completed.

Based on the credible evidence presented by Plaintiffs, I find that the Decedent was abusing drugs and of weakened intellect when he executed the Change of Beneficiary forms. Plaintiffs, therefore, have shifted the burden of proof to Steltz to establish that the Decedent was not unduly influenced when he executed the forms. Steltz failed to meet this burden.

Accordingly, the Change of Beneficiary forms executed by the Decedent in May 2010 are invalid.

An appropriate Order follows.

BY THE COURT:

/s/Timothy R. Rice
TIMOTHY R. RICE
United States Magistrate Judge